UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELSA MALDONADO, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. ) | Civil Case No. 10-1511 (RJL) |

MEMORANDUM OPINION
March 29, 2022 [Dkt. ## 146, 147]

In this long-running dispute, plaintiffs, a putative class of Medicaid recipients who unsuccessfully sought coverage for prescription drugs, have sued the District of Columbia ("the District"), alleging the District failed to provide them due process when their claims for those prescription benefits were denied. *See generally* Compl. [Dkt. # 3]. Pending before the Court are cross-motions from the parties: the District renews a March 2020 motion to dismiss this case as moot, *see* Def.'s Supp. Mot. to Dismiss Pl.'s Second Am. Compl. or, in the Alternative, for Summ. J. ("Def.'s Renewed Mot.") [Dkt. # 146]; plaintiffs, for their part, oppose the motion to dismiss and move for the Court to instead lift the stay on discovery and set a schedule for the same, *see* Pls.' Mot. to Lift the Stay on Discovery and Set a Schedule for Discovery [Dkt. # 147]. Upon consideration of the parties' briefing, the relevant law, the entire record, and for the reasons stated below, defendant's motion to dismiss this case as moot is **GRANTED**, plaintiffs' cross-motion to lift the stay on discovery is **DENIED**, and this case is dismissed.

## BACKGROUND

The facts of this case have been laid out in great detail in numerous prior opinions of this Court and our Court of Appeals, so they need not be repeated in full here. *See N.B. v. Dist. of Columbia*, 800 F. Supp. 2d 51, 53–54 (D.D.C. 2011); *N.B. ex rel. Peacock v. Dist. of Columbia*, 682 F.3d 77, 80–81 (D.C. Cir. 2012); *N.B. v. Dist. of Columbia*, 34 F. Supp. 3d 146, 148–50 (D.D.C. 2014); *N.B ex rel. Peacock v. Dist. of Columbia*, 794 F.3d 31, 35–37 (D.C. Cir. 2015); *N.B. v. District of Columbia*, 244 F. Supp. 3d 176, 177–79 (D.D.C. 2017); *Maldonado v. District of Columbia*, No. 10-cv-1151 (RJL), 2019 WL 6877913, at *1–2 (D.D.C. Dec. 16, 2019). As relevant to the pending motions, plaintiffs are recipients of Medicaid benefits in the District, including prescription drug benefits, who have allegedly been denied prescription coverage on various occasions. *See* Pls.' Second Am. Compl. ("Compl.") ¶¶ 2–3, 5–8, 10 [Dkt. # 98]. They further allege that the District has failed to provide "timely and adequate individualized written notice" of the reason for the denials to the plaintiffs and others. *Id.* ¶¶ 2–3.[1]

In January 2020, the District, via the agency that administers its Medicaid program, the Department of Health Care Finance ("DHCF"), issued "Transmittal # 20-01," a memorandum to "All Medicaid Pharmacy Providers" in the District outlining a new DHCF requirement that "District of Columbia Medicaid participating pharmacies . . . distribute individualized written notices to Medicaid beneficiaries whose prescription medication

---

[1] Plaintiffs originally brought claims under federal statutory and constitutional law, as well as District of Columbia law; however, at this stage of the litigation plaintiffs' only outstanding claim concerns whether they receive sufficient notice to comport with the Fifth Amendment's guarantee of due process. *See, e.g., N.B. v. District of Columbia*, 244 F. Supp. 3d at 183.

claim request is denied after adjudication at the pharmacy point of sale." *See* Def.'s Mot. to Dismiss or, in the Alternative, for Summary Judgment ("Def.'s Original Mot."), Ex. A [Dkt. # 130-3]. The transmittal continued to note that the requirement "applies to all beneficiaries who are served by D.C. Medicaid, including those enrolled in all D.C. Medicaid Managed Care Organizations." *Id.* Following promulgation of this new policy, the District moved to dismiss this case as moot, arguing that the new policy provided the plaintiffs with the entirety of the relief they seek.[2] *See* Def.'s Original Mot. at 1 ("Because the District's notice policy now requires such individualized, written notice at the point of sale, plaintiffs' only remaining due process claim is moot.").

I denied without prejudice the defendant's original motion to dismiss in light of certain factual disparities in the briefing on which I sought clarification. *See* Minute Order, March 23, 2021. Following a hearing in which I raised these specific issues, the District filed its now-pending Renewed Motion to Dismiss, arguing that it has addressed the identified factual disparities and otherwise established that the case is moot. *See* Def.'s Renewed Mot. at 2–5. Plaintiffs argue that the case is not moot because the District has failed to meet its burden in showing that the policy has provided them with complete relief, and they cross-moved to begin discovery on a list of identified outstanding factual issues.

---

[2] In an earlier opinion in this case following remand from our Court of Appeals, I held that plaintiffs' Fifth Amendment claim as to a lack of notice survived the District's motion to dismiss for failure to state a claim, concluding that plaintiffs had sufficiently alleged that "defendants have failed to provide adequate initial written notice that reasonably apprises plaintiffs of the reasons for the prescription denial." *See N.B. v. District of Columbia*, 244 F. Supp. 3d at 183. However, I dismissed plaintiffs' claim that the District was constitutionally required to continue to cover denied prescriptions until a hearing could be held, *id.* at 183–85, as well as their claims under D.C. law, *id.* at 185–88, leaving only the claim of inadequate notice outstanding.

3

## ANALYSIS

"The mootness doctrine . . . limits federal courts to deciding actual, ongoing controversies." *Clarke v. United States*, 915 F.2d 699, 700–01 (D.C. Cir. 1990) (en banc). To that end, it "requires a federal court to refrain from deciding [the case or controversy] if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *see also Clarke*, 915 F.2d at 701. Because mootness is a corollary to Article III's requirement that the federal courts adjudicate only "cases" and "controversies," the question of mootness goes to the Court's subject-matter jurisdiction, *see Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013), and a party may therefore move to dismiss on this basis under Federal Rule of Civil Procedure 12(b)(1) at any time.

Here, the District contends that its promulgation of Transmittal # 20-01 has mooted this case because the policy it announces effectuates the precise relief sought by the plaintiffs, that is the provision of "timely and adequate individualized written notice" to those denied Medicaid benefits at the point of sale, *see* Compl. ¶¶ 2–3. With the District undertaking on its own the very actions that plaintiffs would have this Court compel the District to do, the District contends that any decision of the Court would have no effect on the parties' rights at this time and that there is no basis to believe that the District will change course in the future. *See* Def.'s Renewed Mot. at 2–5; *see also id.* Ex. D, Declaration of Melisa Byrd ("Byrd Declaration").

As noted above, I initially denied without prejudice the District's first motion making this argument, and in so doing I asked the District to clarify certain issues concerning the scope of Transmittal # 20-01 that bore directly on whether that policy had in fact provided the plaintiffs—and indeed the entire putative class identified by the plaintiffs—with complete relief. Specifically, I sought assurances that the policy required that notice be given not only to existing Medicaid beneficiaries, but also to those who had applied or were eligible to apply for the benefits in question, as this latter group also possessed a property interest in the benefits subject to due process protections. Additionally, I asked the District to clarify whether the policy applied to both those who receive Medicaid benefits through the District's fee-for-service program *and* those who receive them through a contracted Managed Care Organization ("MCO"). In its Renewed Motion, the District has provided supplemental argument and evidence concerning the scope of the policy in response to my inquiries. Taking this additional information together with the District's original motion and the remainder of the record, I find that the District has sufficiently established the mootness of this case in light of the policy enacted in Transmittal # 20-01.

First, the District has provided exactly the notice claimed by plaintiffs to be required by the Fifth Amendment. Under Transmittal # 20-01, *all* pharmacies participating in Medicaid in the District must provide a formal notice to any individual who claims a prescription benefit and has that claim denied. *See* Transmittal # 20-01, at 1–2. Under the policy, DHCF has provided pharmacies with a form to be filled out by the pharmacist and provided to the claimant who has been denied. *Id.* That form provides the claimant with

a reason for the denial of the prescription (including, for example, that the claimant is "not eligible for Medicaid today" or that the "prescribed drug is not covered by Medicaid"). The form also includes a page of information for the claimant including resources for "how to fix the problem" (including potentially receiving a three days' supply of the medicine while the issue is resolved), as well as who to contact in the District government to challenge the denial, including via hearing. *See generally* Transmittal # 20-01, at 3–4 (sample of notice form).[3]

I am also satisfied that the policy covers the entirety of the putative class, and thus provides complete relief to all potential plaintiffs. The District has now satisfactorily established that not only active Medicaid *beneficiaries*, but also others who may have a protected interest in prescription drug benefits, such as Medicaid *applicants*, will receive the required notice. Even though the policy states on its face that it applies "to Medicaid beneficiaries whose prescription medication claim request is denied"—and thus not expressly to Medicaid applicants, for example—I am satisfied that notice is nonetheless to be provided at all Medicaid-participating pharmacies, and the procedure it imposes does not in practice apply only to Medicaid beneficiaries. Instead, anyone who claimed a prescription drug benefit under Medicaid but was denied (via an inquiry to the relevant pharmacy benefit manager), regardless of their status as beneficiary, applicant, or otherwise, would receive notice that they are not currently eligible for Medicaid. *See*

---

[3] The notice form also provides contact information for legal services who might assist in an administrative hearing, as well as an explanation of the administrative hearing process. *See* Transmittal # 20-01, at 4.

Transmittal # 20-01, at 4; Byrd Declaration ¶¶ 5–6. Plaintiffs have not suggested that this process would fail to trigger notice to Medicaid applicants, as opposed to solely active beneficiaries, and upon review of the District's submissions it is not clear to the Court how it could.

Similarly, the District has demonstrated that the policy covers both those who receive benefits directly through the District's fee-for-service program as well as those who are beneficiaries through an MCO. The Transmittal is clear that it "applies to all beneficiaries who are served by D.C. Medicaid, including those enrolled in all D.C. Medicaid Managed Care Organizations." Transmittal # 20-01, at 1. And the District has made sufficiently clear that the fact that the Transmittal was promulgated under only the District's fee-for-service program regulations does not implicate its applicability to MCO beneficiaries. The policy applies to all pharmacies that participate in District Medicaid, and plaintiffs do not dispute the District's statement that all pharmacies that serve the four MCOs with which the District has contracted for Medicaid must also serve fee-for-service beneficiaries. As a result, they must comply with all regulations applicable to the fee-for-service program, including the notice requirement of Transmittal # 20-01. Because the notice requirement satisfies what I have previously held to be the process due to the plaintiffs in this case, *see N.B. v. District of Columbia*, 244 F. Supp. 3d at 183, and it is applicable to all members of the putative class, the District has provided the plaintiffs with the entirety of the relief they seek in this litigation.[4]

---

[4] Plaintiffs have made no more than a cursory suggestion that the failure to provide notice is likely to recur due to a change in this policy, and there does not appear to the Court to be any reason to believe the District will soon reverse course and retract Transmittal # 20-10, for example. As a result, I have no trouble concluding that any

Rather than directly challenge the sufficiency of the policy as a general matter, plaintiffs' principal basis on which they dispute this matter's mootness is their contention that the District has not yet demonstrated that the pharmacies in question are actually fully in compliance with the policy or that all putative members of the class are in fact receiving notice each time they are denied the relevant benefits. *See, e.g.*, Pls.' Mem. of Points and Authorities in Opp. to Def.'s Renewed Mot. at 3–7 [Dkt. # 147]. However, this argument is unpersuasive. Though the District certainly was saddled with the burden of demonstrating mootness, to do so it did not need to show that its notice policy has been and continues to be implemented flawlessly. Instead, plaintiffs' Fifth Amendment claim rested on an allegation that the District had an "ongoing policy, pattern, practice, and/or custom" that failed to give plaintiffs the process they were due. Compl. ¶ 153. By implementing Transmittal #20-01, the District has now enacted a policy specifically designed to provide the notice to which plaintiffs are entitled under the Constitution. And plaintiffs cannot dispute that the policy, implemented correctly, will lead to the exact form of individualized notice that they seek, choosing instead to cite a small handful of individualized instances of alleged noncompliance with the new policy. But to ask the Court to police such individual instances of non-compliance—or to order the District to enforce its health regulations in a specific manner—is to go far beyond the scope of the plaintiffs' due process claim.

---

suggestion that the plaintiffs will again be harmed by a lack of a notice policy would be speculative at best. *See O'Shea*, 414 U.S. at 494.

In sum, then, I find that the District, via Transmittal # 20-01, has enacted a policy that provides plaintiffs with the precise relief they seek and that any likelihood of a future reversion to the prior deficient policy is speculative at best. Accordingly, the Court cannot provide the plaintiffs with any further relief, and this case is moot.[5] For all the foregoing reasons, then, the District's motion to dismiss is **GRANTED**, plaintiffs' cross-motion to lift the stay on discovery is **DENIED**, and this case is dismissed.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

---

[5] Because the injunctive relief sought by the plaintiffs has been mooted by the change in D.C. policy, plaintiffs' declaratory judgment claims cannot survive alone. *See Planned Parenthood of Wis. v. Azar*, 942 F.3d 512, 516 (D.C. Cir. 2019) ("[B]ecause the [challenged policy] is now inoperative, a declaration that it was unlawful would amount to nothing more than an advisory opinion."); *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) ("[Courts] are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.").