UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BR**, *et al.*, )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**DISTRICT OF COLUMBIA,** )<br>)<br>**Defendant.** ) | Civil Case No. 10-1511 (RJL) |

MEMORANDUM OPINION

(August 8, 2024) [Dkt. ##177, 178, 182, 184, 188]

In this long-running dispute, plaintiffs, a putative class of Medicaid recipients who unsuccessfully sought coverage for prescription drugs, have sued the District of Columbia ("the District"), alleging that the District failed to provide them due process when their claims for those prescription benefits were denied. *See generally* Second Amended Compl. ("SAC") [Dkt. # 98]. In February 2024, while plaintiffs' Motion for Class Certification was pending and shortly before the close of discovery, one of the two named plaintiffs decided to withdraw from the case. *See* Joint Stipulation of Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) of Named Pl. Elsa Maldonado [Dkt. #180] ("Joint Stip."). Although there is one named plaintiff remaining, her claim is moot because she moved out of the District and is no longer enrolled in D.C. Medicaid. Plaintiffs have therefore sought leave to file a Third Amended Complaint which adds additional class representatives, whereas the District has sought to dismiss the case for lack of subject matter jurisdiction and pause discovery while the dispute is sorted out.

1

Pending before the Court are the following motions: Plaintiffs' Motion for Leave to File a Third Amended Complaint [Dkt. #178] ("Mot. for Leave"); Defendant's Motion to Dismiss the Second Amended Complaint [Dkt. #188] ("Mot. to Dismiss"); Defendant's Opposed Motion for a Protective Order Concerning the Deposition of Melisa Byrd [Dkt. #177] ("Byrd Mot."); Defendant's Opposed Motion for a Protective Order Concerning the Deposition of Charlene Fairfax [Dkt. #182] ("Fairfax Mot."); and Plaintiffs' Cross-Motion to Compel Defendant to Appear for the Rule 30(b)(6) Deposition and the Depositions of Melisa Byrd and Charlene Fairfax and for Sanctions [Dkt. #184] ("Pls.' Cross-Mot. to Compel"). For the reasons discussed below, the Court will GRANT plaintiffs leave to file a Third Amended Complaint, DENY AS MOOT defendant's request to dismiss the Second Amended Complaint, GRANT defendant the requested protective orders, and DENY plaintiffs' cross-motion to compel and for sanctions.

## I. BACKGROUND

In 2010, several Medicaid recipients filed this putative class action against the District, alleging that the District failed to provide them due process when denying Medicaid coverage for certain prescription medications. *See generally* Compl. [Dkt. #3]. After several motions to dismiss and multiple appeals,[1] plaintiffs' remaining claim is that

---

[1] The facts of this case have been laid out in detail in numerous prior opinions of this Court and our Court of Appeals. *See N.B. v. Dist. of Columbia*, 800 F. Supp. 2d 51, 53–54 (D.D.C. 2011); *N.B. ex rel. Peacock v. Dist. of Columbia*, 682 F.3d 77, 80–81 (D.C. Cir. 2012); *N.B. v. Dist. of Columbia*, 34 F. Supp. 3d 146, 148–50 (D.D.C. 2014); *N.B ex rel. Peacock v. Dist. of Columbia*, 794 F.3d 31, 35–37 (D.C. Cir. 2015); *N.B. v. Dist. of Columbia*, 244 F. Supp. 3d 176, 177–79 (D.D.C. 2017); *Maldonado v. Dist. of Columbia*, No. 10-cv-1511, 2019 WL 6877913, at *1–2 (D.D.C. Dec. 16, 2019); *Maldonado v. Dist. of Columbia*, No. 10-cv-1511, 2022 WL 910512, at *1–2 (D.D.C. Mar. 29, 2022); *Maldonado v. Dist. of Columbia*, 61 F.4th 1004, 1005–06 (D.C. Cir. 2023).

the District has deprived plaintiffs of Medicaid benefits without complying with the due process standards set forth in *Goldberg v. Kelly*, 397 U.S. 254 (1970), in violation of the Due Process Clause of the Fifth Amendment. SAC ¶¶ 154–57. In their Second Amended Complaint, which was filed in April 2019, plaintiffs challenge the District's "policies, procedures, and practices of failing to provide individualized written notice to persons who present a prescription to a Medicaid-participating provider in the District of Columbia but who are denied Medicaid coverage for the prescription as written." *Id.* ¶ 1. Specifically, plaintiffs allege that the District "is failing to inform individuals that their claim for Medicaid coverage of their prescription as written is being denied, the reason for the denial, the right to a hearing, and the circumstances under which Medicaid would provide a temporary supply of the medication." *Id.* ¶ 38. Plaintiffs seek declaratory and injunctive relief under 42 U.S.C. § 1983. *Id.* at 35.

Plaintiffs filed their Second Renewed Motion for Class Certification on May 12, 2023, seeking certification of a class under Federal Rule of Civil Procedure 23(b)(2). Pls.' Second Renewed Mot. for Class Certification [Dkt. #166]; *see also* Mem. of P. & A. in Supp. of Pls.' Second Renewed Mot. for Class Certification ("Pls.' Class Certification Mem.") [Dkt. #166-1]. The two remaining named plaintiffs, Elsa Maldonado and B.R., by and through her mother Ann Robertson, sought to be class representatives, and plaintiffs sought to certify the following class:

> All persons who have applied for, received, or are receiving D.C. Medicaid who present a prescription to a Medicaid-participating provider for a medication that is not completely excluded from coverage under the D.C. Medicaid program and who do not, or will not, receive timely and adequate individualized written notice when Medicaid coverage is denied for the prescription as written.

3

Pls.' Class Certification Mem. at 3, 14–17; *see also* SAC ¶ 10. In the briefing on the class certification motion, plaintiffs acknowledged that "in November 2021, B.R.'s claim became moot when she and her family moved out of the District."[2] Pls.' Reply in Supp. of Second Renewed Mot. for Class Certification [Dkt. #172] at 21. However, plaintiffs argued that even "assuming arguendo that B.R. is unable to represent the class, Plaintiffs still satisfy all of the requirements of Rule 23 through Ms. Maldonado." *Id.* at 19.

While the Second Renewed Motion for Class Certification was pending and the parties were working towards completing discovery before the March 1 fact discovery deadline, Maldonado informed plaintiffs' counsel that she no longer wished to participate in the litigation. *See* Def.'s Mot. to Enlarge the Scheduling Order [Dkt. #176] at 1. In early February 2024, plaintiffs' counsel notified the District of this development and previewed that they were likely to seek leave to amend the operative complaint. *Id.* However, when the District sought consent to extend the discovery schedule and briefly pause depositions while this issue was sorted out, plaintiffs refused. *Id.* The District therefore filed two motions for protective orders concerning the depositions of Melisa Byrd and Charlene Fairfax in which the District sought to postpone the depositions until after the amendment issue was resolved so that the parties "can proceed in discovery with the benefit of knowing the parties and factual allegations in the operative complaint." Fairfax Mot. at 1; *see also* Byrd Mot. In response, plaintiffs filed a motion to compel

---

[2] Plaintiffs seek only prospective injunctive relief challenging the District's current policies, procedures, and practices. *See* SAC at 35; *see also* Pls.' Reply in Supp. of their Second Renewed Mot. for Class Certification [Dkt. #172], at 9 & n.8. B.R.'s claim is therefore moot because she is no longer a D.C. Medicaid recipient and would not be affected by the relief plaintiffs seek.

4

both depositions and for the imposition of sanctions based on the District's refusal to participate in the depositions as originally noticed. Pls.' Cross-Mot. to Compel.

Meanwhile, plaintiff Elsa Maldonado was dismissed from the case, and plaintiffs sought leave to file a Third Amended Complaint adding five new D.C. Medicaid beneficiaries as named plaintiffs. *See* Joint Stip.; Mot. for Leave. The District opposed the proposed amendment and filed a motion to dismiss the Second Amended Complaint for lack of jurisdiction on the ground that the only remaining plaintiff's claim is moot. *See* Mot. to Dismiss. Lastly, while this dispute was ongoing, the Court granted the District's motion to stay discovery until after the Court rules on the pending motions. *See* May 2, 2024 Min. Order. The Court also denied Plaintiffs' Motion for Class Certification without prejudice, noting that "[i]f the Court grants plaintiffs' motion for leave to amend, the Court will set new deadlines for briefing on the class certification issue so that the Court has the benefit of updated briefing applicable to the new proposed class representatives." Mar. 28, 2024 Min. Order.

Plaintiffs' motion for leave to amend, the District's motion to dismiss, and the deposition-related motions are now ripe for the Court's review.

## II. LEGAL STANDARD

### a. Motion for Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, except as provided in Rule 15(a)(1), which is inapplicable here, a party may amend its pleading only with the opposing party's written consent or leave of the court. *See* Fed. R. Civ. P. 15(a)(2). When a plaintiff seeks leave to amend her complaint before any deadline for

amendment set in a court's scheduling order, "[t]he court should freely give leave when justice so requires." *Id.* However, if a party seeks leave to amend after a court-ordered deadline, the party must show good cause under Rule 16(b) to modify the scheduling order to allow for the amendment. *Headfirst Baseball LLC v. Elwood*, 206 F. Supp. 3d 148, 152 (D.D.C. 2016) ("While Rule 15(a) governs motions to amend pleadings filed within the time allotted by the scheduling order, Rule 16(b) governs motions to amend pleadings filed after the deadline provided by the scheduling order."); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "To show good cause under [Rule 16], the moving party must show both diligence and a lack of prejudice to the opposing parties." *In re Papst Licensing GmbH & Co. KG Litig.*, 762 F. Supp. 2d 56, 59 (D.D.C. 2011).

    b. Motion for Protective Order

Federal Rule of Civil Procedure 26 provides that "for good cause" a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party requesting the protective order bears the burden of showing good cause "by demonstrating specific evidence of the harm that would result." *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001). Protective orders may "deny discovery completely, limit the conditions, time, place, or topics of discovery, or limit the manner in which the confidential information is to be revealed." *Univ. of Mass. v. Roslin Inst.*, 437 F. Supp. 2d 57, 60 (D.D.C. 2006).

    c. Motion to Compel

A party who seeks a deposition and who believes that the opposing party has failed to meet its obligations may, after conferring in good faith with the opposing party, seek to compel a response pursuant to Federal Rule of Civil Procedure 37. *See* Fed. R. Civ. P. 37(a)(1), 37(d)(1)(A)(i). If a motion to compel is granted, the court must require the opposing party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's objection was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. P. 37(d)(3). Similarly, the court may order sanctions if a party or a person designated under Rule 30(b)(6) "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).

**III. ANALYSIS**

    a. Plaintiffs' Motion for Leave to File a Third Amended Complaint and Defendant's Motion to Dismiss the Second Amended Complaint

Pursuant to the scheduling order entered by the Court on May 8, 2023, the deadline to join additional parties and amend the pleadings was June 7, 2023. *See* May 8, 2023 Order [Dkt. #165]. Plaintiffs requested leave to file a Third Amended Complaint on February 23, 2024, more than eight months after the Court-ordered deadline. *See* Mot. for Leave. Rule 16(b) therefore requires "good cause" to modify the scheduling order, Fed. R. Civ. P. 16(b)(4), and "[t]he determination of whether good cause exists turns on the moving party's diligence," *Headfirst Baseball LLC*, 206 F. Supp. 3d at 154. Stated

otherwise, "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission." *Lurie v. Mid-Atlantic Permanente Med. Grp., P.C.*, 589 F. Supp. 2d 21, 23 (D.D.C. 2008) (quoting *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002)). As applicable here, the "[s]ubstitution of a new named plaintiff to address the inadequacy of a class representative," which is "a routine feature of class actions," is evaluated pursuant to the good cause standard and lies within the Court's discretion. *In re Brewer*, 863 F.3d 861, 876 (D.C. Cir. 2017).

In their proposed Third Amended Complaint, plaintiffs seek to: (1) remove named plaintiffs who have been dismissed from the action; (2) add five new named plaintiffs; and (3) add factual allegations regarding each of the five new named plaintiffs. *See* Mot. for Leave Ex. 1 ("Proposed Third Am. Compl."); Mot. for Leave Ex. 2 ("Redline of Second Am. Compl. and Proposed Third Am. Compl."). The five new named plaintiffs are "persons who have been denied coverage by the District of Columbia's Medicaid Program for their prescriptions as written without receiving individualized written notice of the denial." Mem. of P. & A. in Supp. of Pls.' Mot. for Leave to File a Third Am. Compl. [Dkt. #178-1] ("Mem. in Supp. of Mot. for Leave") at 1; *see also* Proposed Third Am. Compl. ¶¶ 6–10; 76–125. Plaintiffs therefore assert that "the claims of the new named Plaintiffs are identical to, and arise out of the same District policy and/or practice," as the claims of the previous named plaintiffs in the Second Amended Complaint. Mem. in Supp. of Mot. for Leave at 11. The Proposed Third Amended Complaint asserts the same legal claim for violation of the Due Process Clause of the Fifth Amendment and requests the same declaratory and injunctive relief as the Second

8

Amended Complaint. *Compare* Proposed Third Am. Compl. at 32–33 *with* Second Am. Compl. at 34–35. Finally, all five of the new named plaintiffs (and/or their parents) were identified by plaintiffs in their discovery responses to the District in October 2023 as persons who had knowledge about the facts of this lawsuit, and the District had noticed their depositions in January 2024 before the amendment issue arose. *See* Sixth Decl. of Kathleen L. Millian [Dkt. #178-5] ¶¶ 7–8.

The District argues that the one remaining plaintiff, B.R., has not acted diligently because she "seeks leave to amend eight months after the deadline to do so has passed, and her only explanation for the delay is simply that she waited to amend until Ms. Maldonado withdrew from the litigation." Def.'s Opp'n to Pl.'s Mot. for Leave [Dkt. #189] at 6. However, Maldonado's withdrawal is exactly what necessitated the proposed amendment. When Maldonado was still involved in the litigation, plaintiffs' counsel believed that she was an adequate class representative and therefore no additional named plaintiffs were necessary, even once B.R.'s claim became moot. Pls.' Reply in Supp. of Second Renewed Mot. for Class Certification at 19, 21. A plaintiff's diligence in seeking to amend is judged based on when the plaintiff became aware of the need to do so. *See, e.g., In re Brewer*, 863 F.3d at 876. "Prior to January 31, 2024, Plaintiffs and their counsel had no reason to think that Elsa Maldonado would withdraw as a named Plaintiff." Sixth Decl. of Kathleen L. Millian ¶ 4. Once plaintiffs' counsel became aware of the issue, they promptly notified the District, filed a joint stipulation dismissing Maldonado from the case, and sought leave to amend within a period of approximately three weeks. *Id.* ¶¶ 9–15; *see also Kinkead v. Humana at Home, Inc.*, 330 F.R.D. 338,

350 (D. Conn. 2019) ("In the class action context, plaintiffs can show sufficient diligence if they move to amend once they become aware of the 'need to fill a class representative gap.'" (quoting *In re Gen. Motors LLC Ignition Switch Litig.*, 2017 WL 5504531, at *1–2 (S.D.N.Y. 2017)). Plaintiffs were therefore diligent in seeking leave to file their Third Amended Complaint.

Next, the District argues that it will be prejudiced by the proposed amendment because it is coming so close in time to the scheduled close of fact discovery. *See* Def.'s Opp'n to Pl.'s Mot. for Leave at 11. According to the District, if leave to amend is granted, "the District would be forced to, among other things, investigate the prospective named plaintiffs' allegations, determine whether there are grounds to dismiss, respond to the new allegations (whether in a motion or new pleading), supplement the District's opposition to Plaintiff's motion for class certification, respond to any new discovery requests the new named plaintiffs might serve, issue new discovery requests to the new named plaintiffs, and depose them—all after discovery was supposed to be closed." *Id.* However, these concerns are exaggerated. The District had already planned to take the depositions of the four parent representatives of the five new named plaintiffs before either party knew that Maldonado would withdraw from the litigation. *See* Pls.' Reply in Supp. of Mot. for Leave [Dkt. #193] at 12. Further, because this is a putative class action and the five additional class representatives are bringing an identical claim to the one in the Second Amended Complaint, the amendment will not change the nature of the litigation. Finally, the Court can issue a new scheduling order resetting the deadlines for class certification briefing and the close of fact discovery. Other courts in this District

10

have rejected claims of prejudice in similar situations. *See, e.g., Rowe v. PChange, LLC*, No. 22-cv-3098, 2024 WL 1655348, at *13 (D.D.C. Apr. 17, 2024); *Valle v. Karagounis*, No. 19-cv-3764, 2020 WL 5505299, at *3 (D.D.C. Sept. 11, 2020); *Ijoor v. Consummate Comput. Consultants Sys., LLC*, No. 15-cv-1292, 2017 WL 9613962, at *1 (D.D.C. Sept. 8, 2017).

Plaintiffs have therefore satisfied Rule 16(b)'s good cause standard—and, necessarily, the more liberal standard of Rule 15(a)—such that leave to amend is appropriate. As a result, defendant's motion to dismiss the Second Amended Complaint is necessarily moot. *See Bancroft Glob. Dev. v. Koskinen*, No. 17-cv-395, 2017 WL 11579467, at *2 (D.D.C. Oct. 27, 2017).

### b. Defendant's Motions for Protective Orders and Plaintiffs' Cross-Motion to Compel

The next dispute between the parties concerns the depositions of Charlene Fairfax and Melisa Byrd, both of whom were scheduled to be deposed in their personal capacities and as Rule 30(b)(6) corporate representatives for the District. *See* Byrd Mot. at 1; Mem. of P. & A. in Supp. of Fairfax Mot. [Dkt. #182-1] at 2. The Byrd deposition was noticed for February 15, and the Fairfax deposition was noticed for February 29. *See* Byrd Mot. Ex. 1; Fairfax Mot. Ex. 3. However, through discussions occurring between February 5 and 13, plaintiffs indicated that they would likely be seeking to amend their complaint but would not be in a position to make a final decision on whether to amend and the nature of those amendments until February 23. *See* Byrd. Mot. Exs. 5, 6. The District therefore sought to postpone both depositions, explaining that "[w]ithout knowing which

Plaintiffs may be seeking to prosecute this case or what additional amendments may be included in a proposed amended complaint, the District . . . cannot effectively engage in discovery." Byrd Mot. Ex. 6 at 4. The District made clear that it did not oppose plaintiffs taking the depositions eventually but insisted that the depositions should be postponed until after the uncertainty related to the operative complaint was resolved. Byrd Mot. Ex. 8 at 1; Mem. of P. & A. in Supp. of Fairfax Mot. at 7. When plaintiffs refused to withdraw the deposition notices, the District sought protective orders to postpone both depositions. *See generally* Byrd Mot.; Fairfax Mot.

The District argues that it would be prejudiced in its preparation of its witnesses and in turn its defense of the case if the depositions were "allowed to proceed in light of the significant uncertainty around the specific allegations upon which Plaintiffs claims are predicated and the parties seeking to prosecute this case." Mem. of P. & A. in Supp. of Byrd Mot. [Dkt. #177-1] at 6. This is especially true with respect to the deposition of Melissa Byrd, which plaintiffs sought to take before the District had an opportunity to see the proposed amendments. *Id.* In response, plaintiffs maintain that because this is a putative class action, "the identity of any individual named Plaintiff will not affect the merits of Plaintiffs' claim and therefore would be irrelevant to the District's preparation for the depositions of its witnesses." Pls.' Opp. to Def.'s Mots. for Protective Orders and Cross-Mot. to Compel Def. to Appear for the Rule 30(b)(6) Dep. and the Deps. of Melisa Byrd and Charlene Fairfax and for Sanctions [Dkt. #184-1] ("Pls.' Opp. and Cross-Mot.") at 13.

The District has the better argument here. It would be unduly burdensome to require the District to prepare for and defend the depositions of two of its high-ranking officials at a time of significant uncertainty in this case. Plaintiffs argue that even if the District's objection was valid with respect to the Byrd deposition, it was not valid with respect to the Fairfax deposition because plaintiffs filed their proposed amended complaint on February 23. *See* Pls.' Opp. and Cross-Mot. at 15. However, this still gave the District less than a week's time to evaluate the proposed amendments and prepare for the deposition. More importantly, the District did not know if the Court would ultimately grant plaintiffs' request for leave to amend, so there was still uncertainty regarding the operative complaint and the parties to the case after plaintiffs' February 23 filing. If leave to amend was not granted, the District had a strong argument for dismissal, thereby defeating any need for further discovery. And if leave to amend was ultimately granted, the discovery period would almost certainly need to be extended, undermining any claim that plaintiffs needed discovery to occur before the prior March 1 deadline.

"[T]he District is simply asking that the threshold questions of the Court's jurisdiction and the identity of the parties to the case be resolved before depositions proceed." Def.'s Combined Reply and Opp'n to Pls.' Opp'n and Cross-Mot. [Dkt. #192] at 1. That is not too much to ask, and it satisfies the standard of good cause necessary to issue a protective order pursuant to Rule 26(c).

IV. CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Leave to File a Third Amended Complaint is GRANTED, defendant's Motion to Dismiss the Second Amended

13

Complaint is DENIED AS MOOT, defendant's Motion for a Protective Order Concerning the Deposition of Melisa Byrd is GRANTED, defendant's Motion for a Protective Order Concerning the Deposition of Charlene Fairfax is GRANTED, and plaintiffs' Cross-Motion to Compel and for Sanctions is DENIED. An order consistent with this decision accompanies this Memorandum Opinion.

*[signature: Richard Leon]*
RICHARD J. LEON
United States District Judge